IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

CHEVELLE MCALISTER, #123411                           PLAINTIFF

V.                              CIVIL ACTION NO. 5:22-cv-90-DCB-LGI

MANAGEMENT AND TRAINING CORPORATION, et al.           DEFENDANTS

ORDER ADOPTING REPORT & RECOMMENDATION

THIS MATTER is before the Court on Magistrate Judge Isaac's Report and Recommendation ("Report") [ECF No. 32] concerning Management and Training Corporation ("MTC"), Darrel Vannoy, Bianca Reece, Sa'Myni Bell, and Janaiya Bolden (collectively, "Defendants")'s Motion for Partial Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies ("Motion"). [ECF No. 29]. The Report was entered on December 19, 2023, and objections to it were due by January 2, 2024. No party has filed an objection, and the time to do so has elapsed.

Judge Isaac recommended that the Court grant Defendants' Motion for Partial Summary Judgment [ECF No. 29] and dismiss Plaintiff's denial of medical care claims without prejudice. [ECF No. 32] at 9. Specifically, the Report found that the "proper exhaustion" requirement was not satisfied because Chevelle McAlister ("Plaintiff") "did not file a grievance with the administrative remedy program regarding any denial of medical care

claims" and Plaintiff failed to show a genuine dispute as to proper exhaustion. Id. at 8.

I. Legal Standard

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

"A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." E.E.O.C. v. WC&M Enters., Inc., 496 F.3d 393, 397 (5th Cir. 2007).

II. Discussion

The applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, provides that "[n[o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The language of the statute requires an inmate bringing a civil rights action in the Court to first exhaust his available administrative remedies. Booth v. Churner, 532 U.S. 731, 739 (2001). In Porter v. Nussle, the Supreme Court held that "exhaustion in cases covered by § 1997e(a) is now mandatory" and is no longer left to the discretion of the district court. 534 U.S. 516, 524 (2002). The Supreme Court further confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007).

The Fifth Circuit adopted this requirement and held that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." Gonzalez v. Seal, 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam). "Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." Id. at 788.

Exhaustion under the PLRA requires "proper exhaustion," meaning the movant must "us[e] all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 91 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). The movant is required to do more than merely initiate the grievance process or file a complaint against the prison officials. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). The PLRA's exhaustion requirement "is satisfied only if the prisoner 'pursue[s] the grievance remedy to conclusion.'" Wilson v. Epps, 776 F.3d 296, 301 (5th Cir. 2015).

The Fifth Circuit explained that:

a prison's failure to timely respond simply entitles the prisoner to move on to the next step in the process. Thus, it is only if the prison fails to respond at the last step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance.

Wilson, 776 F.3d 296, 301 (5th Cir. 2015). This is because a prison grievance system must be given "a fair opportunity to consider the grievance" and the "prison grievance system will not have such an opportunity unless the grievant complies with the system's

critical procedural rules." <u>Woodford v. Ngo</u>, 548 U.S. 81, 95 (2006). Plaintiffs must complete the process "in accordance with the applicable rules . . . as a precondition to bringing the suit in federal court." <u>Id.</u> at 88. Under the ARP, a prisoner completes the exhaustion of his administrative remedies when he proceeds through both steps of the ARP process. <u>See</u> <u>Wilson</u>, 776 F.3d at 302 (discussing MDOC's ARP process).

The Report submits that Plaintiff filed two grievances related to his incarceration at WCCF, but "neither grievance mentions his medical care or any allegation that he was denied medical care." [ECF No. 32] at 8. These omissions essentially fail to provide prison officials with "a fair opportunity to address the problem that . . . form[s] the basis" of the denial of medical care claims. <u>Johnson</u>, 385 F.3d at 517. The Report further notes that Plaintiff failed to respond to competent summary judgment evidence offered by Defendants indicating the lack of grievances related to the denial of medical care claims. "Because [Plaintiff] fail[s] to come forward with specific facts showing there [is] a genuine dispute as to exhaustion," this Court is "required to dismiss his [denial of medical care] claims." <u>Jackson</u>, 763 F. App'x at 377 (citing <u>Gonzales</u>, 702 F.3d at 788).

After conducting a <u>de novo</u> review of the Report, the Court agrees with Judge Isaac's recommendation. Accordingly, the Report

is hereby ADOPTED. Defendants' Motion [ECF No. 29] is GRANTED and Plaintiff's denial of medical care claims against Defendants are hereby DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this 12th day of January, 2024.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE